UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:16-CV-2170 (CEJ) |
| | ) |
| ASCENSION HEALTH ALLIANCE and | ) |
| SEDGWICK CLAIMS MANAGEMENT | ) |
| SERVICES INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for limited discovery. Defendants have responded in opposition and the matter is fully briefed.

### I. **Background**

Plaintiff brings this action under the Employee Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., to recover benefits under an employee welfare benefit plan and insurance program. The defendants denied plaintiff's claim for ongoing disability benefits. Plaintiff asks the Court to order defendants to continue paying her disability benefits.

Plaintiff now seeks to conduct limited discovery outside of the administrative record in order to determine defendants' conflict of interest and procedural irregularities pertaining to the claims review process. Plaintiff specifically seeks: (1) the Administrative Services Agreement and Step Process Manuals; (2) a deposition of corporate representative(s); and (3) a deposition of the records reviewer.

## II. Discussion

Courts review a denial of benefits under an ERISA plan *de novo* unless the plan gives the administrator or fiduciary discretion to determine eligibility for benefits, in which case an abuse of discretion standard of review is used. *Metro. Life Ins. Co. v. Glenn,* 554 U.S. 105, 111 (2008); *Green v. Union Security Ins. Co.,* 646 F.3d 1042, 1050 (8th Cir.2011) (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111 (1989)). In conducting its review of a benefits determination, a court is limited to a review of the evidence that was before the administrator when the claim for benefits was denied. *Atkins v. Prudential Ins. Co.,* 404 Fed. App'x 82, 84–85 (8th Cir.2010) (quoting *Jones v. ReliaStar,* 615 F.3d 941, 945 (8th Cir.2010). For this reason, courts generally do not allow the parties in ERISA cases to obtain additional discovery. *Atkins,* 404 Fed. App'x at 84–85. In essence, "additional evidence gathering is ruled out on deferential review, and discouraged on de novo review to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc. Disability Benefits Plan,* 140 F.3d 1198, 1200 (8th Cir.1998) (citation omitted).

A less deferential standard of review of the denial of benefits may be applied in cases where a claimant has presented "material, probative evidence demonstrating that (1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty." *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998). The Supreme Court held that a conflict of interest exists when the entity that administers the plan "both determines whether an employee is eligible for benefits

and pays benefits out of its own pocket." *Glenn*, 554 U.S. at 108. However, *Glenn* made it clear that the presence of a conflict of interest does not entitle the claimant to de novo review. *Wakkinen v. UNUM Life Ins. Co. of America*, 531 F.3d 575, 581 (8th Cir. 2008); s*ee also Chronister v. Unum Life Ins. Co. of America*, 563 F.3d 773, 775 (8th Cir. 2009) (abuse of discretion standard remains the appropriate standard for evaluating plan administrator's decision).

Courts have varied in their assessment of *Glenn's* impact on discovery in ERISA cases. Before *Glenn*, discovery was not permitted in cases reviewed for abuse of discretion. Following *Glenn*, courts in this district have permitted some discovery in ERISA cases. *See, e.g.*, *Sampson v. Prudential Life Ins. Co. of America*, No. 4:08CV1290 CDP, 2009 WL 882407 (E.D.Mo. Mar. 26, 2009); *Winterbauer v. Life Ins. Co. of No. America*, No. 4:07CV1026 DDN, 2008 WL 4643942 (E.D.Mo. Oct. 27, 2008). The scope of that discovery, however, has been limited to determining whether a conflict of interest or procedural irregularity exists. *See, e.g., T.D.E. v. Life Ins. Co. of No. America*, No. 4:07CV1387 CDP, 2009 WL 367701 *4 (E.D.Mo. Feb. 11, 2009) ("Discovery is required to explore the nature and extent of the purported conflict or irregularity at issue."); *Winterbauer*, 2008 WL 4643492 at *5–6 (stating "it seems logical to allow some discovery on issues related to" the Glenn factors). In addition, the Court may permit limited discovery only where a plaintiff demonstrates good cause. *Winterbauer,* 2008 WL 4643942, at *4.

Defendants have agreed to production of the Administrative Services Agreement and the Ascension Health LTD Step Process Manuals in effect during the period of plaintiff's claim, provided they are allowed to redact specific dollar amounts contained in the Administrative Services Agreement. The Court will permit

the redaction and require defendants to supply the Administrative Services Agreement and the Ascension Health LTD Step Process Manuals.

However, the Court will not permit plaintiff to take a deposition of a corporate representative because plaintiff has failed to demonstrate good cause. A deposition of a corporate representative requires significant time and resources and plaintiff has not established that a deposition is needed to establish a conflict of interest in this case. *Teresa Heartsill v. Ascension Health Alliance, et. al.*, 2017 WL 2955008, at *2 (E.D. Mo. July 11, 2017) (requiring an ERISA plaintiff seeking limited discovery to demonstrate why the discovery is necessary to prove their particular theory and is more than a fishing expedition); *see also Schoolman v. United Healtcare Ins. Co*, 2013 WL 6683111, at *2 (E.D. Mo. Dec. 18, 2013) (denying a request for a deposition of a corporate representative in an ERISA matter when there was no material, probative evidence of bias in order to prevent a fishing expedition).

Plaintiff also seeks to depose Dr. Dennis Payne to determine the extent of an alleged procedural irregularity. Plaintiff argues that defendants' hiring of Dr. Payne and reliance on his opinion constitutes a procedural irregularity because it demonstrates the plan administrator's failure to use judgment. In order to establish a heightened level of review, a beneficiary claiming procedural irregularity must show that the plan administrator, in the exercise of its power, acted dishonestly, acted from an improper motive, or failed to use judgment in reaching its decision." *LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 809 (8th Cir. 2007) (citing *Neumann v. AT & T Comm., Inc.*, 376 F.3d 773, 781 (8th Cir.2004)). Here, plaintiff does not articulate any procedural

irregularity nor identify any procedural deficiencies in the engagement of Dr. Payne. She has not demonstrated how deposing Dr. Payne would show that the plan administrator committed procedural irregularity. Plaintiff has provided no material, probative evidence of bias in order to demonstrate that the deposition would be more than a mere fishing expedition. *Schoolman* at *2. Because plaintiff has been unable to establish that a deposition is necessary to establish that a procedural irregularity exists in this matter, the request to depose Dr. Payne will be denied.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for limited discovery [Doc. #28] is **granted in part.**

**IT IS FURTHER ORDERED** that, within **fifteen (15) days** of the date of this order, the defendants shall provide to plaintiff the Ascension Health LTD Step Process Manuals and a redacted version of the Administrative Services Agreement.

**IT IS FURTHER ORDERED** that the plaintiff's motion is **denied in all other respects**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2017.